UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ELMER PERRY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| vs. | ) Case No. 4:13CV2161 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence [Doc. No. 1] pursuant to 28 U.S.C. § 2255 and filed on October 13, 2013. The United States of America has responded to the motion [Doc. No. 3]. Movant has not filed any Reply to Response to Motion to Vacate, Set Aside or Correct Sentence. For the reasons set forth below, the motion will be denied.

## Facts and Background[1]

On November 28, 2012, Movant was sentenced to 48 months as a result of his entry of a plea of guilty to one count of the use of a communication facility to facilitate a drug trafficking crime, in violation of 21 U.S.C. § 843(b). No direct appeal was taken by Movant. There is but one issue asserted by Movant in this

---

[1] The facts are taken from the file and docket entries of the original criminal case filing in this case, Presentence investigation report, and the plea agreement filed in this matter.

§2255 Motion: That Movant failed to receive jail time credit for a specific period of time.

## STANDARD FOR RELIEF UNDER 28 U.S.C. §2255

In order to state a cognizable claim a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…" 28 U.S.C. §2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, may be raised " on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley,* 512 U. S. 339, 354, S. Ct. 2291, 129 l. D. 2d 277 (1994) (citations omitted).

## DISCUSSION

Generally speaking the issue of whether a defendant receives credit for time "spent in state custody pending trial is an issue "to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence rather than by a federal district court at the time of sentencing." *United States v. Moore,* 978 F. d 109, 1030-31 (8th Cir. 1992). The Attorney General has delegated the authority to grant credit for time served to the Bureau of Prisons. *Id*

at 1031. Under the view of *United States v. Pardue*, 363 F. 3d 695, 699 (8th Cir. 2004), the credit for time served is within the purview of the Bureau of Prisons. There are administrative procedures within the framework of the Bureau of Prisons which allow for the review of the failure, by the Bureau of Prisons, to credit the time served. Thus, if there is still in existence a failure to credit jail time after exhaustion of the administrative procedures, the specific failure is subject to review by filing a habeas corpus petition in the federal district court pursuant to 28 U.S.C. §2241. *Rogers v. United States*, 180 F. 3d 349,358 (1st Cir. 1999). There is nothing in the record and papers filed that suggests, implies, or directly asserts that movant has utilized, or exhausted his administrative remedies and might be entitled to proceed under 28 U.S.C. §2241.

## Conclusion

Based upon the foregoing analysis, Movant has failed to establish he is entitled any relief and has failed to present any basis upon which the Court may grant relief.

## <u>Certificate of Appealablity</u>

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues

are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A Judgment consistent with this Opinion will be filed separately.

Dated this 29th day of November, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE